BRYSON, Circuit Judge,
dissenting.
I respectfully dissent. The ’474 patent distinguishes between the stimulator rod and the bristles that are mounted together in recessed sockets in the Salazar toothbrush. It states that the bristles are typically “composed of conventional bristle material such as nylon,” while the stimulator rod “is composed of an elastic material, typically rubber or rubber substitute.” ’474 patent, col. 4, 11. 31-34. The patent thus suggests that the stimulator rod and the bristles are made of different materials, which contributes to the differences in their functions. In light of the disclosure in the patent, it was unsurprising that the examiner understood the Salazar stimulator rods to be made of a substance other than nylon, and that he based his distinction of the prior art Clemens patent on that ground.
It is true that, in general, an inventor has no affirmative obligation to respond to an examiner’s characterization of a claim. That is, an applicant is not bound by every statement made by an examiner during the course of the prosecution unless the applicant corrects the statement on the record. We have held, for example, that an applicant’s silence in response to an examiner’s characterization of a claim “does not reflect the applicant’s clear and unmistakable acquiescence to that characterization if the claim is eventually allowed on grounds unrelated to the examiner’s unrebutted characterization.” 3M Innovative Props. Co. v. Avery Dennison Corp., 350 F.3d 1365, 1373-74 (Fed.Cir.2003). In this case, however, the examiner’s statement related directly to the ground on which the patent was issued. More importantly, the statement is relevant not because it serves as the basis for a finding of disclaimer by the inventor, but because it indicates how a person of ordinary skill in the art — in this instance, the examiner — would understand the claim term “elastic” in the context of the patent. When an applicant sits idly by while an examiner explains that he understands particular claim language to have a particular meaning and only regards the invention as patentable based on that meaning, the applicant should face a heavy burden in later challenging the examiner’s interpretation. That principle is what I understand to underlie the court’s statement in Torpharm, Inc. v. Ranbaxy Pharmaceuticals, Inc., 336 F.3d 1322, 1330 (Fed.Cir.2003), that “an inventor’s acquiescence to the examiner’s narrow view of patentable subject matter” may be found where the patentee “lets stand an examiner’s restrictive interpretation of a claim.” *1349 The examiner’s statement in Elkay Manufacturing Co. v. Ebco Manufacturing Co., 192 F.3d 973, 979 (Fed.Cir.1999), is to the same effect. There, the unresponded-to examiner’s statement was relevant because it indicated that the examiner had relied on the patentee’s distinction of a prior art reference in allowing the claim in suit. In this case, likewise, the examiner made clear his understanding of the meaning of the term “elastic” as used in the patent; in that setting, and in light of the central importance of the examiner’s understanding of the meaning of the term to his decision to allow the claims, the absence of any indication that the patentee intended the claim term to be broader supports the district court’s conclusion that the “elastic” stimulator rods should not be construed to include rods made of nylon.